UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL CASE NO. 97-00110-002 |
| Plaintiff, ) | |
| ) | **DECLARATION IN SUPPORT OF PETITION** |
| vs. ) | *(Supplemental)* |
| STEVEN J. LEON GUERRERO ) | |
| Defendant. ) | |

**Re: Supplemental Violations of Supervised Release Conditions**

I, Robert I. Carreon, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Steven J. Leon Guerrero and in that capacity declare as follows:

The following information is a supplement to the Petition for Warrant of Arrest report filed on August 18, 2005 and is submitted for consideration in addition to violations previously reported. The U.S. Probation Office was notified by the U.S. Marshal Service that Steven J. Leon Guerrero was arrested on December 20, 2005 on a Superior Court of Guam (SCOG) Bench Warrant of Arrest under case number CM0518-05. A federal detainer has been lodged accordingly.

The supplemental information does not change the severity of violations previously reported as grade C violations. An amended violation worksheet is attached accordingly.

**Mandatory Condition:** *The defendant shall not commit another federal, state or local crime.* On July 23, 2005, Steven J. Leon Guerrero, was arrested by the Guam Police Department (GPD) on Family Violence Charges. The case appears under Superior Court of Guam (SCOG) docket number CM0518-05. The Criminal Complaint, obtained through the SCOG Pretrial Services Office, charges Mr. Leon Guerrero with Family Violence, Criminal Mischief, and Assault (all as Misdemeanors). According to SCOG Pretrial Services, Mr. Leon Guerrero appeared before a Magistrate Judge on July 23, 2005 and was released pending further proceedings. Mr. Leon Guerrero failed to appear for his next court hearing on November 28, 2005, and a Bench Warrant was subsequently issued.

SUPPLEMENTAL DECLARATION IN SUPPORT OF PETITION
Supplemental Violations of Supervised Release Conditions
Re: LEON GUERRERO, Steven J.
USDC Cr. Cs. No. 97-00110-002
December 21, 2005
Page 2

According to the Criminal Complaint, on or about July 19, 2005, Steven J. Leon Guerrero pushed his girlfriend, Sharine Flores, to the floor, and struck her in the back of the head while at his residence in Dededo, Guam. He trapped her in the bedroom, holding a knife and threatening her. He then used a torch to burn some of the contents of her purse.

At the time of his arrest above, Mr. Leon Guerrero was under pretrial diversion for a separate Family Violence offense under SCOG CM398-03. The victim in this case is also Sharine Flores. According to SCOG Pretrial Services Officer Jason Muna, a violation report outlining the arrest above was filed in October 2005, however, the Court has not taken action as yet.

**Recommendation**: It is respectfully recommended that the Court consider this additional violation information at the revocation hearing and that, pursuant to Title 18 U.S.C. §3583(e)(3), Mr. Leon Guerrero's supervised release be revoked for three (3) months. No term of supervision to follow revocation is recommended as Mr. Leon Guerrero would have served the maximum revocation imprisonment term allowed by statute.

I declare under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 20th day of December 2005, at Hagatna, Guam, in conformance with provisions of Title 28 U.S.C. § 1746.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
ROBERT I. CARREON
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Marivic P. David, AUSA
    Rawlen Mantanona, Defense Counsel
    File

# VIOLATION WORKSHEET

1. Defendant: Steven J. Leon Guerrero
2. Docket Number (Year-Sequence-Defendant No.): CR 97-00110-002
3. District/Office: Guam
4. Original Sentence Date: 11 / 19 / 97

(If different than above):

5. Original District/Office: N/A
6. Original Docket Number (Year-Sequence-Defendant No.): N/A

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| Failure to refrain from the unlawful use of a controlled substance. Meth use on 6/24/05 (admission), 7/6/06 (no admission), 7/11/05 (no admission), and 7/20/05 (admission). Marijuana use on 6/17/05 (admission), 6/24/05 (admission), 6/28/05 (admission). | C |
| Failure to refrain from the use of alcohol on 7/20/05 (admission). | C |
| Failure to report to the probation office as instructed (6/20/05, 6/27/05, 6/29/05, 7/7/05, 7/8/05, 7/22/05, 7/25/05) | C |
| Failure to make restitution and special assessment fee payments (payment agreement signed 3/3/05). | C |
| Failure to obtain and maintain full-time employment (quit job 7/19/05) | C |
| Failure to perform community service (last performed 5/6/05) | C |
| New Misdemeanor arrest for Family Violence, Assault, and Criminal Mischief (7/23/05) | C |
| Failure to notify the probation officer within 72 hours of being arrested (7/23/05) | C |

8. Most Serious Grade of Violation (see §7B1.1(b)): **C**
9. Criminal History Category (see §7B1.4(a)): **I**
10. Range of Imprisonment (see §7B1.4(a)): **3 - 9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

ORIGINAL

Defendant: Steven J. Leon Guerrero

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | $60,450.00 | Community Confinement | 0 |
    | Fine ($) | 0 | Home Detention | N/A |
    | Other | | Intermittent Confinement | |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: N/A to N/A years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 0 months

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days