FILED
DISTRICT COURT OF GUAM
DEC 22 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>STEVEN J. LEON GUERRERO,<br>Defendant. | ) | CRIMINAL CASE NO. 97-00110<br><br>**REPORT & RECOMMENDATION CONCERNING VIOLATIONS OF SUPERVISED RELEASE CONDITIONS IN A FELONY CASE** |

On August 18, 2005, the United States Probation Office filed a violation petition and declaration alleging that the Defendant violated conditions of supervised release. On December 22, 2005, a supplemental declaration was filed alleging additional violations. The alleged Grade C violations between the two filings were:

1. The Defendant tested positive for methamphetamine on June 24, 2005 (admission); July 6, 2005 (no admission); July 11, 2005 (no admission) and July 20, 2005 (admission).
2. The Defendant tested positive and admitted marijuana use on June 17, 2005, June 24, 2005 and June 28, 2005.
3. The Defendant admitted to the use of alcohol on July 20, 2005.
4. The Defendant failed to report to the probation office as instructed on June 20, 27, 29, July 7, 8, 22, and 25, 2005.

5. The Defendant failed to make restitution and special assessment fee payments according to the payment agreement entered into on March 3, 2005.

6. The Defendant failed to obtain and maintain full-time employment in that he quit his job on July 19, 2005.

7. The Defendant failed to perform community service since May 6, 2005.

8. The Defendant was arrested for misdemeanor Family Violence, Assault and Criminal Mischief on July 23, 2005.

3. The Defendant failed to notify the probation officer within 72 hours of being arrested on July 23, 2005..

*See* Docket Nos. 71 and 73.

On December 22, 2005, the Defendant appeared with counsel before the Court. The Defendant knowingly and voluntarily waived his right to an evidentiary hearing and admitted to all the violations alleged. Furthermore, the Defendant requested that the Court revoke his term of supervised release and impose a three month sentence of imprisonment such that he would not be subject to supervised release upon completion of his sentence as he would have served the maximum term of revocation imprisonment allowed by statute. The Government and the Probation Officer were satisfied with the admissions.

Based on the Defendant's admissions, I therefore find probable cause to believe that the Defendant violated his conditions of supervised release. Accordingly, the Defendant is remanded to the custody of the United States Marshal Service. This matter is referred to the District Judge for appropriate disposition. I hereby recommend that the District Judge revoke the Defendant's supervised release term and sentence him to a three month term of imprisonment with no further term of supervised release.

DATED this 22nd day of December 2005.

JOAQUIN V.E. MANIBUSAN, JR.
United States Magistrate Judge

## NOTICE

**Failure to file written objections to this Report within ten (10) days from the date of its service shall bar an aggrieved party from attacking such Report before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**